ORIGINAL

ncf1

Fisher And Fisher
File # 55228

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mortgage Electronic Registration Systems, Inc.<br>Plaintiff<br><br>VS.<br><br>Ramiro Rodriguez, Dora Nava and Jose Barragan<br>Defendants | ) ) ) ) ) ) ) ) ) ) ) | JUDGE PLUNKETT<br>03C 2421<br>MAGISTRATE JUDGE DENLOW<br>This is an attempt to collect a debt and any information obtained will be used for that purpose. |

DOCKETED APR 1 0 2003

## COMPLAINT FOR FORECLOSURE

Now comes Plaintiff, by its attorneys, FISHER AND FISHER, ATTORNEYS AT LAW, P.C., and, pursuant to Illinois Compiled Statutes, Chapter 735, Section 15, 15-1101 et seq., alleges the following:

1. Jurisdiction of this court is based upon diversity of citizenship. Plaintiff is a corporation incorporated under the laws of the STATE OF DELAWARE, having its principal place of business in the STATE OF VIRGINIA. Defendant mortgagors are citizens of the STATE OF ILLINOIS. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Plaintiff files this complaint to foreclose the mortgage hereinafter described, and joins the following persons as defendants:

Ramiro Rodriguez - an Illinois citizen, Dora Nava - an Illinois citizen and Jose Barragan - an Illinois citizen

3. Attached as Exhibit "A" is a copy of the note, as Exhibit "B" is a copy of the mortgage and as Exhibit "C" is a copy of the assignment(s) secured thereby.

4. Information concerning mortgage:

(A) Nature of instrument: Mortgage

(B) Date of Mortgage: August 31, 2000

(C) Name of Mortgagor: Ramiro Rodriguez, Dora Nava and Jose Barragan

(D) Name of Mortgagee: Mortgage Electronic Registration Systems, Inc.

(E) Date and place of recording: September 13, 2000, KANE County Recorder of Deeds Office, re-recorded February 9, 2001

(F) Identification of recording: 2000K073113, re-recorded as 2001K011667

(G) Interest subject to the mortgage: Fee Simple

(H) Amount of original indebtedness including subsequent advances made under the mortgage: $117,035.00

(I) Legal description and the common address:
THAT PART OF LOT 175 OF NINTH ADDITION TO CENTURY OAKS DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 175; THENCE SOUTHERLY ALONG THE EAST LINE OF SAID LOT 175 A DISTANCE OF 79.92 FEET TO THE SOUTH LINE OF SAID LOT 175; THENCE WESTERLY ALONG SAID SOUTH LINE, A DISTANCE OF 59.82 FEET; THENCE NORTHERLY 78.98 FEET TO A POINT ON THE NORTH LINE OF SAID LOT 175, SAID POINT BEING 58.06 FEET WESTERLY OF THE POINT OF BEGINNING; THENCE EASTERLY ALONG SAID NORTHERLY LINE 58.06 FEET TO THE POINT OF BEGINNING, IN THE CITY OF ELGIN, KANE COUNTY, ILLINOIS.
C/K/A 1440 TODD FARM DRIVE, ELGIN, IL 60123
TAX ID# 06-03-329-019

(J) Statement as to default now due:

1. Date of default: 11/2002

2. Unpaid principal balance: $114,924.04

3. Per diem interest accruing: $26.37

(K) Name of present owners of the real estate:

Ramiro Rodriguez, Dora Nava and Jose Barragan

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

- None

(M) The following defendants, except those who have received a discharge of this debt in any chapter under the United States Bankruptcy Code, may be held personally liable for the deficiency, if any:

Ramiro Rodriguez and Dora Nava

(N) Capacity in which plaintiff brings this foreclosure: Plaintiff is the owner and legal holder of said note, mortgage and indebtedness.

(O) Facts in support of request for attorneys' fees and of costs and expenses.

Plaintiff has been required to retain counsel for litigation of this foreclosure and to incur substantial attorneys' fees, court costs, title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage, and which are a lien upon said real estate being foreclosed, as provided in said mortgage.

5. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (1977), Defendant(s) may dispute the validity of the debt or any portion thereof. If Defendant(s) do so in writing within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will obtain and provide Defendant(s) with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if requested within thirty days (30) days of receipt of this pleading, Counsel for Plaintiff will send Defendant(s) the name and address of the original creditor if different from above.

## REQUEST FOR RELIEF

Plaintiff requests:

(i) A judgment to foreclose such mortgage providing for a sale by public auction

(ii) An order granting a shortened redemption period, if authorized by law.

(iii) A personal judgment for a deficiency, if authorized by law.

(iv) An order granting possession.

(v) An order placing the mortgagee in possession or appointing a receiver if and when sought.

(vi) A judgment for attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

(vii) Enforcement of its assignment of rents derived from said real estate.

(viii) Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

Plaintiff

Mortgage Electronic Registration Systems, Inc.

By: _____
    One of Plaintiff's Attorneys

Attorneys for Plaintiff
FISHER AND FISHER
ATTORNEYS AT LAW, P.C.
120 North LaSalle Street, Suite 2520
Chicago, IL 60602
(773) 854-8055
ARDC# 816108

2001K011667 P4

Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
1800 TAPO CANYON ROAD
SIMI VALLEY, CA 93063

2000K073113

FILED FOR RECORD
KANE COUNTY, ILL.
2000 SEP 13 PM 3:00

RECORDER

GNMA
10/00
IL


Countrywide Home Loans

618 5238665 D2 001 001
OBJ/TYP  ACCT#  DOCTYP  SEQ#  INST

1837 LARKIN AVENUE
ELGIN,
IL 60123-

20050035/4746672

[Space Above This Line For Recording Data]

IL1370556533796
[CASE#]

5238665/540068
[Loan #]

State of Illinois

# MORTGAGE

MIN 1000157-0000070649-5

THIS MORTGAGE ("Security Instrument") is given on AUGUST 31, 2000. The Mortgagor is
RAMIRO RODRIGUEZ AND DORA NAVA, AND JOSE BARRAGAN, a single person
a single person    a married person

("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
COUNTRYWIDE HOME LOANS, INC.
("Lender") is organized and existing under the laws of NEW YORK , and has an address of
4500 PARK GRANADA, CALABASAS, CA 91302-1613
Borrower owes Lender the principal sum of
ONE HUNDRED SEVENTEEN THOUSAND THIRTY FIVE and 00/100
Dollars (U.S. $ 117,035.00 ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on SEPTEMBER 01, 2030. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants

FHA Illinois Mortgage with MERS- 4/96
-4N(IL) (9902).01   CHL (12/99)   VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 7
Amended 2/98

Initials: RRR
DN
JB

Re-record to complete Notary Section


eScan Copy 08/17/08 05:07:43 PM

CHICAGO TITLE INSURANCE CO.
Kane County Office
Geneva, Illinois 60134
Phone 232-2780

2000K073113

2001K011667

EXHIBIT B

1

2001K011667 P4

CASE #: IL1370556533796                                    LOAN #: 5238665

and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in KANE                County, Illinois:

THE PART OF LOT 175 OF NINTH ADDITION TO CENTURY OAKS DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 175; THENCE SOUTHERLY ALONG THE EAST LINE OF SAID LOT 175 A DISTANCE OF 79.92 FEET TO THE SOUTH LINE OF SAID LOT 175; THENCE WESTERLY ALONG SAID SOUTH LINE, A DISTANCE OF 59.82 FEET; THENCE NORTHERLY 78.98 FEET FEET TO A POINT ON THE NORTH LINE OF SAID LOT 175, SAID POINT BEING 58.06 FEET WESTERLY OF THE POINT OF BEGINNING; THENCE EASTERLY ALONG SAID NORTHERLY LINE 58.06 FEET TO THE POINT OF BEGINNING, IN THE CITY OF ELGIN, KANE COUNTY, ILLINOIS.

PIN # 06-03-329-009-0000

Parcel ID #: 06 03 329 009
which has the address of 1440 TODD FARM DR., ELGIN
                                                              [Street, City]
Illinois 60123-          ("Property Address");
        [Zip Code]

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.
   BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.
   THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

   Borrower and Lender covenant and agree as follows:
   UNIFORM COVENANTS.
   1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
   2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."
   Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

eScan Copy 03/17/03 05:07:14 PM
@-4N(IL) (9802).01   CHL (12/99)                Page 2 of 7                          Initials: RRR
                                                                                              D.N
2001K011667    2000K073113                                                                    B

                                                                                              2

CASE #: IL1370556533796                                              LOAN #: 5238665

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument,

2001K011667 P4

CASE #: IL1370556533796  
LOAN #: 5238665

first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
   
   (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or
   
   (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.
   
   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:
   
   (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and
   
   (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.
   
   (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.
   
   (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.
   
   (e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

eScan Copy 02/17/03 05:07:45 AM  CHL (12/89)     Page 4 of 7     Initials: RRR D.N. B

2001K011667   2000K073113

4

2001K011667 P4

CASE #: IL1370556533796            LOAN #: 5238665

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

eScan 03/17/03 05:07:45 PM
-4R(IL) (9802).01    CHL (12/99)    Page 5 of 7    Initials: R R R
                                                              D.N
                                                              B

2001K011667    2000K073113

2001K011667 P4

CASE #: IL1370556533796                                           LOAN #: 5238665

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. **Waiver of Homestead.** Borrower waives all right of homestead exemption in the Property.

21. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)].

☐ Condominium Rider            ☐ Growing Equity Rider            ☐ Other [specify]
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider

eScan Copy 03/17/03 05:07:45 PM
C210-4N(IL)(9602).01   CHL (12/99)                    Page 6 of 7

2001K011667   2000K073113

Initials: RRR
D.N
Z B

6

2001K011667 P4

CASE #: IL1370556533796                         LOAN #: 5238665

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

*Ramiro Rodriguez* _____ (Seal)
RAMIRO RODRIGUEZ                                    -Borrower

*Dora Nava* _____ (Seal)
DORA NAVA                                           -Borrower

*Jose Barragan* _____ (Seal)
JOSE BARRAGAN                                       -Borrower

*Gabriel Vega* _____ (Seal)
GABRIEL VEGA, SOLELY FOR THE                        -Borrower
PURPOSE OF WAIVING HOMESTEAD.

STATE OF ILLINOIS, _____ County ss:
I, THE UNDERSIGNED, a Notary Public in and for said county and state do hereby certify that Ramiro Rodriguez, Dora Nava, & Jose Barragan single and Gabriel Vega

, personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal, this 31st day of August 2000

My Commission Expires:

"OFFICIAL SEAL"
LISA MARIE PROTAS
Notary Public, State of Illinois
My Commission Expires 8/27/01

Notary Public

2001K011667 P4

Received
2001K011667

Sandy Wegman
2001 FEB -9 AM 9:30
FILED FOR RECORD
KANE COUNTY, ILL.
RECORDER

eScan Copy 03/17/03 05:07:46 PM

2001K011667

8

Rev. 07/89

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Mortgage Electronic Registration Systems, Inc.

## DEFENDANTS

Ramiro Rodriguez, Dora Nava and Jose Barragan

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Fairfax
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Kane
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Fisher & Fisher, Attorneys At Law
120 North LaSalle, Ste. 2520
Chicago, IL 60602
312-372-4784

ATTORNEYS (IF KNOWN)

03C 2421
JUDGE PLUNKETT
MAGISTRATE JUDGE DENLOW

DOCKETED
APR 10 2003

## II. BASIS OF JURISDICTION

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☒5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION

MORTGAGE FORECLOSURE — 28 U.S. 1332

FILED-ED
03 APR -9 AM 10:5
CLERK
DISTRICT COURT

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

[illegible checkbox list of nature of suit categories: CONTRACT, TORTS, FORFEITURE/PENALTY, BANKRUPTCY, OTHER STATUTES, REAL PROPERTY, CIVIL RIGHTS, PRISONER PETITIONS, LABOR, SOCIAL SECURITY, FEDERAL TAX SUITS]

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION  ☐ UNDER F.R.C.P. 23

DEMAND $ 114,924.04

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. REMARKS

In response to ☐  is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐  is a refiling of case number _____ of Judge _____

DATE  APR - 9 2003

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
Eastern Division

**JUDGE PLUNKETT**

In the Matter of
Mortgage Electronic Registration Systems, Inc.
-vs-
Ramiro Rodriguez, et.al.

Case Number: **03C 2421**

**MAGISTRATE JUDGE DENLOW**

**DOCKETED APR 1 0 2003**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
Mortgage Electronic Registration Systems, Inc.

FILED-ED4 03 APR 19 AM 10:5 U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Elizabeth Kaplan Meyers | NAME: Renee Meltzer Kalman |
| FIRM: Fisher and Fisher | FIRM: Fisher and Fisher |
| STREET ADDRESS: 120 N. LaSalle St., Ste 2520 | STREET ADDRESS: 120 N. LaSalle St., Ste 2520 |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: Chicago, IL 60602 |
| TELEPHONE: 312-372-4784 | TELEPHONE: 312-372-4784 |
| ID NUMBER: 06196562 | ID NUMBER: 06198331 |
| MEMBER OF TRIAL BAR? NO ☒ | MEMBER OF TRIAL BAR? NO ☒ |
| TRIAL ATTORNEY? YES ☒ | TRIAL ATTORNEY? YES ☒ |
|  | DESIGNATED AS LOCAL COUNSEL? |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Michael S. Fisher | NAME: James R. Riegel |
| FIRM: Fisher and Fisher | FIRM: FISHER AND FISHER |
| STREET ADDRESS: 120 N. LaSalle St., Ste. 2520 | STREET ADDRESS: 120 N. LASALLE ST., STE. 2520 |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE: 312-372-4784 | TELEPHONE: 312-372-4784 |
| ID NUMBER: 06216064 | ID NUMBER: 06239016 |
| MEMBER OF TRIAL BAR? NO ☒ | MEMBER OF TRIAL BAR? NO ☒ |
| TRIAL ATTORNEY? YES ☒ | TRIAL ATTORNEY? YES ☒ |
| DESIGNATED AS LOCAL COUNSEL? | DESIGNATED AS LOCAL COUNSEL? |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

Case: 1:03-cv-02421 Document #: 1 Filed: 04/09/03 Page 15 of 17 PageID #:15

55228

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN Division

**JUDGE PLUNKETT**

In the Matter of
Mortgage Electronic Registration Systems, Inc.
-vs-
Ramiro Rodriguez, et.al.

Case Number: **03C 2421**

**MAGISTRATE JUDGE DENLOW**

**DOCKETED**
APR 1 0 2003

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Mortgage Electronic Registration Systems, Inc.

FILED-ED4 03 APR -9 AM 10: 57

### (A)
- SIGNATURE: [signed]
- NAME: Erik E. Blumberg
- FIRM: Fisher and Fisher
- STREET ADDRESS: 120 N. LaSalle St., Suite 2520
- CITY/STATE/ZIP: Chicago, IL 60602
- TELEPHONE NUMBER: 312-372-4784
- IDENTIFICATION NUMBER: 6226628
- MEMBER OF TRIAL BAR? NO
- TRIAL ATTORNEY? YES

### (B)
- SIGNATURE: [signed]
- NAME: Marc D. Engel
- FIRM: Fisher and Fisher
- STREET ADDRESS: 120 N. LaSalle St., Suite 2520
- CITY/STATE/ZIP: Chicago, IL 60602
- TELEPHONE NUMBER: 312-372-4784
- IDENTIFICATION NUMBER: 6255891
- MEMBER OF TRIAL BAR? NO
- TRIAL ATTORNEY? YES
- DESIGNATED AS LOCAL COUNSEL?

### (C)
- SIGNATURE: [signed]
- NAME: THOMAS J. DONAHUE
- FIRM: FISHER AND FISHER
- STREET ADDRESS: 120 N. LASALLE, SUITE 2520
- CITY/STATE/ZIP: CHICAGO, IL 60602
- TELEPHONE NUMBER: 312-372-4784
- IDENTIFICATION NUMBER: 6201082
- MEMBER OF TRIAL BAR? NO
- TRIAL ATTORNEY? YES
- DESIGNATED AS LOCAL COUNSEL?

### (D)
- SIGNATURE: [signed]
- NAME: Kenneth J. Johnson
- FIRM: Fisher and Fisher
- STREET ADDRESS: 120 N. LaSalle St., Suite 2520
- CITY/STATE/ZIP: Chicago, IL 60602
- TELEPHONE NUMBER: 312-372-4784
- IDENTIFICATION NUMBER: 6273676
- MEMBER OF TRIAL BAR? NO
- TRIAL ATTORNEY? YES
- DESIGNATED AS LOCAL COUNSEL?

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

the Matter of

Mortgage Electronic Registration Systems, Inc.
-vs-
Ramiro Rodriguez, et.al.

**JUDGE PLUNKETT**

Case Number **03C 2421**

MAGISTRATE JUDGE DENLOW

**DOCKETED**
APR 10 2003

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Mortgage Electronic Registration Systems, Inc,

## (A)

| Field | Value |
|---|---|
| SIGNATURE | [signed] |
| NAME | KENNETH H. FISHER |
| FIRM | FISHER AND FISHER |
| STREET ADDRESS | 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP | CHICAGO, IL 60602 |
| TELEPHONE NUMBER | 312-372-4784 |
| FAX NUMBER | |
| E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER | 0817759 |
| MEMBER OF TRIAL BAR? | NO ☒ |
| TRIAL ATTORNEY? | YES ☒ |

## (B)

| Field | Value |
|---|---|
| SIGNATURE | |
| NAME | BARRY M. FISHER |
| FIRM | FISHER AND FISHER |
| STREET ADDRESS | 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP | CHICAGO, IL 60602 |
| TELEPHONE NUMBER | 312-372-4784 |
| FAX NUMBER | |
| E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER | 0816108 |
| MEMBER OF TRIAL BAR? | NO ☒ |
| TRIAL ATTORNEY? | YES ☒ |
| DESIGNATED AS LOCAL COUNSEL? | |

FILED-ED
03 APR -9 AM 9:57
U.S. DISTRICT COURT

## (C)

(blank)

## (D)

(blank)

55228

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
Eastern Division

F#

**DOCKETED**
APR 1 0 2003

**JUDGE PLUNKETT**

In the Matter of

Mortgage Electronic Registration Systems, Inc.
-vs-
Ramiro Rodriguez, et.al.

Case Number: **03C 2421**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: **MAGISTRATE JUDGE DENLOW**
Mortgage Electronic Registration Systems, Inc.

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE  *(signed)* |
| NAME | NAME  Cynthia Sutherin |
| FIRM | FIRM  Fisher and Fisher |
| STREET ADDRESS | STREET ADDRESS  120 N. LaSalle, Suite 2520 |
| CITY/STATE/ZIP | CITY/STATE/ZIP  Chicago, IL 60602 |
| TELEPHONE NUMBER | TELEPHONE NUMBER  312-372-4784 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE)  6256989 |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☒ | MEMBER OF TRIAL BAR?   YES ☐   NO ☒ |
| TRIAL ATTORNEY?   YES ☒   NO ☐ | TRIAL ATTORNEY?   YES ☒   NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES ☐   NO ☒ | MEMBER OF TRIAL BAR?   YES ☐   NO ☒ |
| TRIAL ATTORNEY?   YES ☒   NO ☐ | TRIAL ATTORNEY?   YES ☒   NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ | DESIGNATED AS LOCAL COUNSEL?   YES ☐   NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.   ch1

